## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF INDIANA

## FORT WAYNE DIVISON

| | | |
|---|---|---|
| ROBERT LONG, | ) | |
| | ) | CN: _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAKES VENTURE, LLC, | ) | |
| DBA FRESH THYME FARMERS MARKET, | ) | |
| Defendant. | ) | |

## COMPLAINT FOR AGE DISCRIMINATION UNDER
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND RETALIATION

COMES NOW, ROBERT LONG, "Plaintiff" or "Mr. Long", by and through the

undersigned counsel, files this civil action Complaint and Jury Demand ("Complaint") against

Defendant, LAKES VENTURE LLC, DBA FRESH THYME FARMERS MARKET,

"Defendant Fresh Thyme".  The following allegations are based on the personal knowledge of

Plaintiff and on information and belief as to the acts of others.


## INTRODUCTION

1.  This civil action challenges the Defendant (collectively and individually) for unlawful age

    discrimination with respect to its policies, practices, and hiring and maintenance of

    personnel, including the Plaintiff.  Plaintiff was hired by Defendant Fresh Thyme to work in

    the meat department of the Fresh Thyme Market located at the Coldwater Road location in

    the City of Fort Wayne, Indiana.

1

2. Plaintiff was subject to repeated harassment and discrimination by Defendant and said harassment was continuous, ongoing, substantial and pervasive.

3. The acts of the Defendant resulted in Mr. Long being subject to a hostile work environment based on his age and also eventually Mr. Long was terminated from employment with Defendant.

**PARTIES**

4. Plaintiff is a resident of Fort Wayne, Indiana, located in the Northern District of Indiana and resides at 13912 Messenger Bay, Fort Wayne, Indiana 46845.

5. Lakes Venture, LLC is an operation that does business under the name Fresh Thyme Farmers Market and employed the Plaintiff at the store located at 4320 Coldwater Road, Fort Wayne, Indiana.

6. At all relevant times, Plaintiff was employed by Defendant Fresh Thyme.

**BASIS FOR JURISDICTION**

7. This action is brought for discrimination in employment pursuant to:

    a. Age Discrimination in Employment Act of 1967, as codified in 29 U.S.C. Sections 621 to 634; and

    b. Said matter is a federal question and the Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(4).

8. Mr. Long was employed and hired in the Northern District of Indiana in the City of Fort Wayne, Indiana, and the Defendant Fresh Thyme operates or operated a business that employed Mr. Long in the Northern District of Indiana.

9. Venue is proper in the Northern District of Indiana because the Plaintiff's cause of action arose within this District and Division in that a substantial part of the acts that arose in the case occurred in the Northern District. Venue is also proper in the Northern District because the Defendants are subject to personal jurisdiction therein by virtue of their substantial continuous, and systematic commercial activities in this District. The Defendant is subject to personal jurisdiction in this Division because they reside in, conduct business in, and/or operated a business venture in the District at the time of the allegations herein, and therefore venue is proper.

## **FACTS**

10. Plaintiff Mr. Long is a 68 year old male and at the time of his hiring he was a 66 year old male.

11. Mr. Long was employed in the meat department of Defendant Fresh Thyme.

12. Initially, Mr. Long worked without incident in the meat department in which his job duties were to work the counter and to serve customers.

13. After a period of time of working without incident, Mr. Long began being harassed and unjustifiably disciplined for no good reason.

14. Mr. Long's hours were cut and a younger individual who was approximately in her late 20's was hired and effectively took over the hours of Mr. Long

15. Mr. Long had previously worked 15 to 20 hours per week, and as a result of the new hire being made, he was reduced to 5 hours per week.

16. Mr. Long was informed that the young person who was recently hired needed the hours more than Mr. Long and that his hours would stay at one (1) day per week for a limited period of

five (5) hours.  It was further intimated that this was because a younger person would be taking his hours because that person was more valuable and because the person was younger and better suited to work for the company.

17. Thereafter, Mr. Long complained to upper management and his hours were increased.

18. After the hours were ordered to be increased, the bullying, harassment, and discrimination against Mr. Long ensued.

19. Specifically, it was stated to employees that management wished to could get rid of "Grandpa".  This type of comment was ongoing and pervasive.  Plaintiff would hear these comments but was too fearful to do much about it at the time as a result of the retaliation that was taking place for going to management.

20. In addition, statements were made by management that they wanted to and/or wished he could get younger people in the store who could "bust their ass more".  This comment was a further direct harassment and discrimination of Plaintiff Mr. Long who was one of, if not the most senior member of the employment team at the Coldwater Road location.

21. Mr. Long was singled out, his duties were changed, and he was given a list of work to perform.  The list was so extensive that Mr. Long could, in no way, have completed all the tasks in a regular work day.

22. As a result, Mr. Long was unable to complete all the work that was being assigned because of the additional duties that were added that other similarly situated individuals were not required to complete.

23. More than once a list was provided, which was different from other people and he was definitely singled out by the company.

24. Mr. Long was texted by the management, including during his day off, but was then told that he was to discuss matters in person and not via text.

25. Mr. Long described him being taken into the office and being unfairly disciplined.

26. There were continuous and ongoing deliberate critiques of Mr. Long's work product in an attempt to continuously harass and downgrade Mr. Long to the point that substantial amount of time was spent reviewing almost every single item of Mr. Long's work day, while others were not even remotely subject to the same scrutiny.

27. Mr. Long was constantly blamed for any issues associated with the condition of the store regardless of whether Mr. Long was involved or not.

28. On April 30, 2020, Mr. Long attended a meeting with George, a Manager, and Shane, an Assistant Manager.  During the meeting Mr. Long reported the constant offensive age-related remarks being made.

29. Defendant did not take any corrective action and the harassment and discrimination continued.

30. On May 7, 2020, Mr. Long submitted to Human Resources a doctor's note indicating he needed to be off of work until early August of 2020.  The doctor recommended he take leave because he was high risk for COVID-19 due to his underlying health conditions and health conditions of his wife.

31. On or about June 18, 2020, Britany from Human Resources contacted Mr. Long.  Mr. Long was informed that the position with Defendant could not be held any longer and he was thereafter terminated.

32. Mr. Long was fired some time after June 18, 2020.

## EXHAUSTION OF REMEDIES

33. The case was filed with the Equal Opportunity Employment Commission.  See Exhibit "A"

34. The Equal Employment Opportunity Commission issued a Dismissal and Notice of Right to Sue to Robert Long dated May 5, 2021.  See Exhibit "B"

35. Mr. Long received the Dismissal and Notice of Rights.

36. This claim is being filed within ninety (90) days of the of the receipt of said Notice.

37. Said notice is assumed to have been received by Mr. Long within five (5) days of mailing of said decision, which would be up to May 10, 2021.

38. This claim is being filed at least sixty (60) days after receiving said notice.

## RELIEF

39. Defendant intentionally chose to limit the hours of work of the Plaintiff Mr. Long in favor of applicants who were under the age of forty (40).

40. Defendant intentionally chose to increase the work load of the Plaintiff Mr. Long in an effort to force him to be in non-compliance with job duties, while allowing others who were not of similar age to have a differing standard of duties to accomplish during a normal work period.

41. As a proximate result of the Defendant's age discrimination, both individually and as a result of the allowance of said policies, Plaintiff Mr. Long has been violated of his rights under the Age Discrimination in Employment Act, as amended (29 U.S.C. Section 630 (b).

42. At all relevant times herein, the Plaintiff was over the age of forty (40), and the Defendant, both individual and corporate, has committed the act of discrimination.

## COUNT 1.

## UNLAWFUL USE OF HIRING CRITERIA AND EMPLOYMENT PRACTICES

## VIOLATING ADEA PURSUANT TO 29 U.S.C. SECTION 612 ET AL.

43. Mr. Long realleges and incorporates herein by reference the foregoing paragraphs.

44. Mr. Long has exhausted all his administrative remedies.

45. This suit was timely filed following a Notice to Sue being issued.

46. Mr. Long was discriminated against under ADEA.

47. Defendant intentionally chose to limit the hours of work of Plaintiff Mr. Long in favor of applicants who were under the age of forty (40).

48. Defendant intentionally chose to increase the workload of Plaintiff Mr. Long in an effort to force him to be in non-compliance with job duties, while allowing others who were not of similar age to have a different standard of duties to accomplish during a normal work period.


## COUNT 2.

## DEFENDANT'S AGE DISCRIMINATION AND HARASSMENT

49. Mr. Long realleges and incorporates herein by reference the foregoing paragraphs.

50. As a proximate result of Defendant's age discrimination, both individually and as a result of the allowance of said policies, the Plaintiff Mr. Long has been violated of his rights under the Age Discrimination in Employment Act, as amended (29 U.S.C. Section 630 (b).

51. At all relevant times herein, Plaintiff was over the age of forty (40) and the Defendant, both individual and corporate, has committed the act of age discrimination.

52. Mr. Long filed a timely charge of age discrimination with the EEOC, and has satisfied all preconditions to bring this action.

53. A significantly younger, less qualified individual was hired and given more hours than that of Mr. Long.

54. Refusing to allow Mr. Long to work a regular shift on the grounds that the other applicant was in more need of the hours, because she was younger and had a family, because of stereotypes, assumption, unfounded conclusions regarding older workers', and the use of euphemisms such as "Old Man "and Grandpa", are all an intentional and willful violation of ADEA.

55. As a direct and proximate result of the foregoing violations of the ADEA, Mr. Long has sustained economic and non-economic damages, including but not limited to, loss of wages and benefits, loss of interest in wages and benefits and loss of opportunity.

56. The ADEA prohibits discrimination in any aspect of employment, including hiring, firing, pay, job assignments, promotion, layoff, training, benefits, and any other term or condition of employment.

57. It is unlawful to harass and/or discriminate against a person because of his or her age.

58. Harassment in the case of Mr. Long included, offensive or derogatory remarks about his age.

59. The comments were made frequently and in a manner that created a severely hostile or offensive work environment, or in this instance it also resulted in an adverse employment decision, such as cutting hours and/or adding unreasonable job conditions.

60. The harasser in this case is Plaintiff's supervisor and a manager in the Defendant Fresh Thyme organization.

## COUNT 3.

## RETALIATION

61. Mr. Long realleges and incorporates herein by reference the foregoing paragraphs.

62. Defendant engaged in unlawful retaliatory practices which included cutting hours and increasing unreasonable work tasks, and terminating after taking time off to protect self from COVID 19 and because he made a complaint or multiple complaints with management about his treatment.

63. Retaliation was further made as a result of and because of his age in violation of ADEA.

64. The unlawful employment practices described above were intentional.

65. The unlawful practices were done with malice or with reckless indifference to the federally protected rights of Mr. Long.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 under the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE, your Plaintiff respectfully requests this Court:

(1) Grant an injunction against Defendant, their officers, successors, assigns and all

persons in active concert or participation with them, from engaging in any

employment practice which retaliates against employees who complain about

discrimination.

(2) Order Defendant to make whole Mr. Long by providing the appropriate damages, and

other affirmative and justifiable relief necessary to eradicate the effects of their

unlawful employment practices.

(3) Order Defendant to provide compensation to Plaintiff for past and future pecuniary

losses resulting from their unlawful employment practices and loss for suffering,

inconvenience, mental anguish, and loss of enjoyment of life;

(4) Award Plaintiff attorney fees for having to bring this matter before the Court

(5) Grant all other just and proper relief.


## **JURY TRIAL DEMAND**

Your Plaintiff Mr. Long herein requests this matter be tried to a jury.

Dated:  August 6, 2021.

Respectfully submitted,

W. Erik Weber
Attorney for Plaintiff
Mefford, Weber and Blythe, P.C.
130 East Seventh Street
Auburn, IN 46706-1839
Phone:  260.925.2300
Fax:  260.925.2610

10

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2020-02247 |

| INDIANA CIVIL RIGHTS COMMISSION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. ROBERT  LONG | (260) 433-1099 | 1953 |

| Street Address | City, State and ZIP Code |
|---|---|
| 13912 MESSENGER BAY,  FT WAYNE, IN 46845 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| FRESH THYME GROCERY | 15 - 100 | (260) 373-1677 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4320 COLDWATER RD,  FT WAYNE, IN 46804 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | | | Earliest: 10-01-2019   Latest: 06-18-2020 |
| ☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION | | | |
| ☐ OTHER *(Specify)* | | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Fresh Thyme Grocery on or about September 11, 2019.  I held the position of Meat Clerk. My supervisor was Mike Firestein, Meat Department Manager.

During the course of my employment, I was subjected to harassment by my supervisor because of my age. On numerous occasions, Mr. Firestein (age, 30s) called me Old man and told me I work very slowly. He also told me he wanted to hire younger people because they work faster. I was also harassed for doing my work duties.

On or about April 1, 2020, Mr. Firestein reduced my hours from 20 hours per week to 5 hours per week. On or about April 1, 2020, Dianne (LNU; age, 30s) was hired as Meat Clerk on part-time basis. Dianne was scheduled to work 30 hours per week. It should be noted I was the only Meat Clerk whose hours were reduced.

I was told pictures of my work area were taken after my closing. I was told they found smudges on the

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Robert Long on 07-02-2020 09:47 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

PLAINTIFF'S EXHIBIT
A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2020-02247 |

| INDIANA CIVIL RIGHTS COMMISSION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

weight scale screen and breadcrumbs on the scale. Mr. Firestein tried to get me written up.

On or about April 30, 2020, I attended a meeting with George (LNU; Manager) and Shane (LNU; Assistant Manager). During the meeting, I reported that Mr. Firestein constantly made offensive age-related remarks to me. The Respondent did not take corrective action.

On May 7, 2020, I submitted to Human Resources a doctors note indicating I needed to be off work until early August of 2020. My doctor recommended I take leave because I was high risk for COVID-19 due to my condition. On or about June 18, 2020, Brittney (LNU) of Human Resources contacted me. Ms. Brittney informed me that they could not hold my position any longer so I was discharged.

I believe I was subjected to harassment because of my age, 67, in violation of the Age Discrimination in Employment Act (ADEA). I believe I was discriminated against because of my age, 67, in violation of the ADEA. I believe I was denied leave as a reasonable accommodation for my condition in violation of the Americans with Disabilities Act, as amended (ADA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Robert Long on 07-02-2020 09:47 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Robert Long**<br>**13912 Messenger Bay**<br>**Fort Wayne, IN 46845** | From: **Indianapolis District Office**<br>**101 West Ohio Street, Suite 1900**<br>**Indianapolis, IN 46204** |

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **470-2020-02247** | **Frederick J. BruBaker,**<br>**Enforcement Supervisor** | **(463) 999-1148** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|  |  |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*                                                     05/05/2021

| | |
|---|---|
| Enclosures(s) | **Michelle Eisele,**<br>**District Director** | *(Date Issued)* |

cc:   **Kelli Mink**
      **Legal Asst.**
      **2929 Walker NW**
      **Grand Rapids, MI 49544**

PLAINTIFF'S
EXHIBIT
B

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> - **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> - In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> - **Only one** major life activity need be substantially limited.
> - With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> - An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
> - An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

> - An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> - "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> - The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> - A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --**   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*